**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, SANOFI, and GENZYME CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC. and MYLAN INC.,<br><br>Defendants. | ) | C.A. No. 17-24-GMS |

**ANSWER, DEFENSES, AND COUNTERCLAIMS OF MYLAN PHARMACEUTICALS INC. AND MYLAN INC. TO PLAINTIFFS' COMPLAINT**

Defendants Mylan Pharmaceuticals Inc. ("MPI") and Mylan Inc. (collectively, "Mylan" or "Defendants") answer the Complaint of Plaintiffs sanofi-aventis U.S. LLC, Aventisub LLC, Sanofi, and Genzyme Corporation (collectively, "Plaintiffs") as follows:

**RESPONSE TO ALLEGATIONS PERTAINING TO NATURE OF THE ACTION**

1. This is a civil action for infringement of United States Patent Nos. 6,794,410 ("the '410 patent," a true and accurate copy of which is attached hereto as Exhibit A), 8,802,735 ("the '735 patent," a true and accurate copy of which is attached hereto as Exhibit B), and 9,186,346 ("the '346 patent," a true and accurate copy of which is attached hereto as Exhibit C) arising under the Patent Laws of the United States, Title 35, United States Code, Sections 100 *et seq.* This action relates to Abbreviated New Drug Application ("ANDA") No. 209702, filed by Mylan Pharmaceuticals Inc. with the United States Food and Drug Administration ("FDA") for approval to market a proposed generic version of the Aubagio® (teriflunomide) drug product.

**ANSWER:** Paragraph 1 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiffs purport to bring an action for patent infringement under the patent laws of the United States, Title 35, United States Code, Sections 100 et seq. Defendants admit that MPI filed ANDA No. 209702 with the

FDA seeking approval for a generic teriflunomide drug product prior to the expiration of the ’410 patent, the ’735 patent, and the ’346 patent. Defendants, however, deny that they infringe any valid claim of the ’410 patent, the ’735 patent, or the ’346 patent. To the extent not expressly admitted, Defendants deny the allegations contained in paragraph 1 of the Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO THE PARTIES

2. Plaintiff sanofi-aventis U.S., a wholly-owned U.S. subsidiary of Sanofi, is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey 08807.

**ANSWER:** Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and, on that basis, deny those allegations.

3. Plaintiff Aventisub LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 3711 Kennett Pike, Suite 200, Greenville, Delaware 19807.

**ANSWER:** Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and, on that basis, deny those allegations.

4. Plaintiff Sanofi is a corporation organized and existing under the laws of France, having its principal place of business at 54 rue La Boétie, 75008 Paris, France.

**ANSWER:** Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and, on that basis, deny those allegations.

5. Plaintiff Genzyme is a corporation organized and existing under the laws of the State of Massachusetts, having its principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

**ANSWER:** Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and, on that basis, deny those allegations.

> 6. On information and belief, Defendant Mylan Pharmaceuticals Inc. ("Mylan Pharms") is a company organized and existing under the laws of the State of West Virginia, having a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505. On information and belief, Mylan Pharms is in the business of, among other things, marketing and selling generic versions of branded pharmaceutical products for the United States market, alone and/or through its wholly-owned subsidiaries and agents.

**ANSWER:** Defendants admit that Mylan Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of West Virginia with a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

> 7. On information and belief, Defendant Mylan Inc. is a company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1000 Mylan Boulevard, Canonsburg, Pennsylvania 15317. On information and belief, Mylan Inc. is in the business of manufacturing and selling generic versions of pharmaceutical products for the United States market. On information and belief, Mylan Pharms is a wholly-owned subsidiary of Mylan Inc., is controlled by Mylan Inc., and is an agent or affiliate of Mylan Inc.

**ANSWER:** Defendants admit that Mylan Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania, with a place of business at 1000 Mylan Boulevard, Canonsburg, Pennsylvania, 15317 and that MPI is a wholly owned subsidiary of Mylan Inc. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

> 8. On information and belief, the acts of Mylan Pharms complained of herein were done at the direction of, with the authorization of, and/or with the cooperation, participation, and assistance of Mylan Inc. On information and belief, the acts of Mylan Pharms complained of herein were done at least in part for the benefit of Mylan Inc.

**ANSWER:** Defendants deny the allegations contained in paragraph 8 of the Complaint.

**RESPONSE TO ALLEGATIONS PERTAINING TO MYLAN PHARMS' ANDA**

9. On information and belief and as stated in the letter dated November 28, 2016, and received by Plaintiffs on or about November 29, 2016, purporting to be a notice pursuant to Section 505(j)(2)(B)(i)-(iv) of the Federal Food Drug and Cosmetic Act (21 U.S.C. § 355(j)) and 21 C.F.R. § 314.95(c) (the "Notice Letter"), Mylan Pharms submitted ANDA No. 209702 to the FDA under Section 505(j) of the Federal Food Drug and Cosmetic Act (21 U.S.C. § 355(j)) seeking approval to engage in the commercial manufacture, use, sale and/or importation of teriflunomide tablets, 7 mg and 14 mg ("Teriflunomide ANDA Products"), as a generic version of the Aubagio® (teriflunomide) drug product throughout the United States, including within the State of Delaware, prior to the expiration of the '410, '735, and '346 patents.

**ANSWER:** Defendants admit that counsel for MPI sent a letter dated November 28, 2016 regarding MPI's ANDA No. 209702. The letter speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

**RESPONSE TO ALLEGATIONS PERTAINING TO JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** Paragraph 10 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants admit that this action arises under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 but deny that venue is proper. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11. On information and belief, Mylan Pharms, with the assistance and/or direction of Mylan Inc., develops, formulates, manufactures, imports, offers for sale, sells, commercializes, markets, and/or distributes generic versions of branded pharmaceutical products in/into the United States, including in the State of Delaware.

**ANSWER:** Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. On information and belief, Mylan Pharms prepared and filed ANDA No. 209702 on behalf of Mylan Inc., seeking approval from the FDA to sell the Teriflunomide

ANDA Products throughout the United States, including within the State of Delaware.

**ANSWER:** Defendants admit that MPI submitted ANDA No. 209702 to the FDA under the provisions of 21 U.S.C. § 355(j) seeking approval for a generic teriflunomide drug product. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13. On information and belief, Mylan Inc. participated in the preparation and/or filing of ANDA No. 209702, seeking approval from the FDA to sell Teriflunomide ANDA Products throughout the United States, including within the State of Delaware.

**ANSWER:** Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. This Court has personal jurisdiction over Defendants because, *inter alia*, they have committed an act of patent infringement under 35 U.S.C. § 271 (e)(2), and intend a future course of conduct that includes acts of patent infringement in Delaware. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in Delaware. For example, on information and belief, following approval of ANDA No. 209702, Defendants will work in concert to make, use, import, sell, and/or offer for sale the Teriflunomide ANDA Products in/into the United States, including in this State, prior to the expiration of the '410, '735, and '346 patents.

**ANSWER:** Paragraph 14 contains legal conclusions and allegations to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 14 of the Complaint. Defendants deny that they are subject to personal jurisdiction in this Court.

15. This Court has personal jurisdiction over Mylan Pharms because, *inter alia*, Mylan Pharms, on information and belief: (1) maintains substantial, systematic, and continuous contacts with the State of Delaware; (2) avails itself of the laws of the State of Delaware by being registered to do business in Delaware under File No. 4809319; (3) intends to manufacture, market, sell, or distribute the Teriflunomide ANDA Products to residents of this State, which is confirmed by the filing of ANDA No. 209702; (4) holds a Pharmacy Wholesale License from the State of Delaware under License No. A4-0001719 and Distributor/Manufacturer License for controlled substances from the State of Delaware under License No. DM-0007571; (5) maintains a broad distributorship

network within this State; (6) regularly transacts and/or solicits business in the State of Delaware; (7) continuously and systematically places goods into the stream of commerce for distribution in the United States, including in the State of Delaware; (8) generates substantial revenue and income from sales of its generic pharmaceutical products throughout the United States, including within the State of Delaware.

**ANSWER:** Paragraph 15 contains legal conclusions and allegations to which no answer is required. To the extent an answer is deemed required, Defendants admit that MPI holds Pharmacy Wholesale License No. A4-0001719 and Distributor/Manufacturer License No. DM-0007571. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 15 of the Complaint. Defendants deny that they are subject to personal jurisdiction in this Court.

16. Additionally, on information and belief, Mylan Pharms has previously consented to this Court's jurisdiction and has availed itself of the protections afforded by the Court by asserting counterclaims against plaintiffs in this judicial district. *See e.g.*, *UCB Inc. et al v. Mylan Pharmaceuticals Inc. et al.*, Civil Case No. 13-cv-01214-LPS (D. Del.); *Forest Laboratories Inc. et al v. Mylan Inc. et al.*, Civil Case No. 13-cv-01605-SLR (D. Del.); *Novartis AG et al v. Mylan Pharmaceuticals Inc. et al.*, Civil Case No. 16-cv-00289-LPS (D. Del.).

**ANSWER:** Paragraph 16 contains legal conclusions and allegations to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 16 of the Complaint. Defendants deny that they are subject to jurisdiction in this Court.

17. This Court has personal jurisdiction over Mylan Inc. because, *inter alia*, Mylan Inc., on information and belief: (1) maintains substantial, systematic, and continuous contacts with the State of Delaware; (2) intends to manufacture, market, sell, or distribute the Teriflunomide ANDA Products to residents of this State, which is confirmed by the filing of ANDA No. 209702; (3) maintains a broad distributorship network within this State; (4) regularly transacts and/or solicits business in the State of Delaware; (5) continuously and systematically places goods into the stream of commerce for distribution in the United States, including in the State of Delaware; (6) generates substantial revenue and income from sales of its generic pharmaceutical products throughout the United States, including within the State of Delaware.

**ANSWER:** Paragraph 17 contains legal conclusions and allegations to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 17 of the Complaint. Defendants deny that they are subject to personal jurisdiction in this Court.

18. Additionally, on information and belief, Mylan Inc. has previously consented to this Court's jurisdiction and has availed itself of the protections afforded by the Court by asserting counterclaims against plaintiffs in this judicial district. *See e.g.*, *UCB Inc. et al v. Mylan Pharmaceuticals Inc. et al.*, Civil Case No. 13-cv-01214-LPS (D. Del.); *Forest Laboratories Inc. et al v. Mylan Inc. et al.*, Civil Case No. 13-cv-01605-SLR (D. Del.).

**ANSWER:** Paragraph 18 contains legal conclusions and allegations to which no answer is required. To the extent an answer is deemed required, Defendants deny the allegations contained in paragraph 18 of the Complaint. Defendants deny that they are subject to jurisdiction in this Court.

19. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Paragraph 19 contains legal conclusions and allegations to which no answer is required. To the extent an answer is deemed required, Defendants deny venue is proper in the District of Delaware.

## RESPONSE TO ALLEGATIONS PERTAINING TO THE PATENTS

20. The '410 patent, titled "Use of (Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4'-trifluoromethylphenyl)-amide for Treating Multiple Sclerosis," was duly and legally issued on September 21, 2004 to inventor Joseph Wettstein. The '410 patent was assigned to Aventis Pharmaceuticals Inc. On July 31, 2013, the United States Patent and Trademark Office granted reexamination certificate C1 6,794,410 for the '410 patent, allowing new claims 2-22. On June 16, 2014, the '410 patent was assigned to Aventisub LLC. Since June 16, 2014, Aventisub has been the owner of the '410 patent. The '410 patent would have expired on April 15, 2022, but is subject to a certificate issued under 35 U.S.C. § 156, extending the term of the '410 patent for 1,625 days (a true and accurate copy of which is

attached hereto as Exhibit D). Therefore, ‘410 patent will expire on September 12, 2026.

**ANSWER:** Defendants admit that Plaintiffs purport to attach a copy of the ’410 patent and Ex Parte Reexamination Certificate C1 6,794,410 for the ’410 patent to the Complaint as Exhibit A, which speaks for itself and is the best source for its content. Defendants further admit that the face of the ’410 patent indicates that it issued on September 21, 2004, is entitled “Use of (Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4’- trifluoromethylphenyl)-amide for Treating Multiple Sclerosis,” lists Joseph Wettstein as the inventor, and lists Aventis Pharmaceuticals Inc. as the assignee. Defendants deny that the ’410 patent was “duly and legally” issued. Defendants admit that Plaintiffs purport to attach a certificate issued under 35 U.S.C. § 156, extending the term of the ’410 patent for 1,625 days to the Complaint as Exhibit D, which speaks for itself and is the best source for its content. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint, and, on that basis, deny those allegations.

21. The ‘735 patent, titled “(Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4’-trifluoromethylphenyl)-amide Tablet Formulations with Improved Stability,” was duly and legally issued on August 12, 2014 to inventor Gerrit Hauck. The ‘735 patent was assigned to Sanofi. The ‘735 patent will expire on September 14, 2030. At all times from the issuance of the ‘735 patent to the present, Sanofi has been the owner of the ‘735 patent.

**ANSWER:** Defendants admit that Plaintiffs purport to attach a copy of the ’735 patent to the Complaint as Exhibit B, which speaks for itself and is the best source for its content. Defendants further admit that the face of the ’735 patent indicates that it issued on August 12, 2014, is entitled “(Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4’- trifluoromethylphenyl)-amide Tablet Formulations with Improved Stability,” lists Gerrit Hauck as the inventor, and lists Sanofi as the assignee. Defendants deny that the ’735 patent was “duly and legally” issued. Defendants lack

sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint, and, on that basis, deny those allegations.

> 22. The ‘346 patent, titled “Methods for Reducing the Risk of an Adverse Teriflunomide and Rosuvastatin Interaction in Multiple Sclerosis Patients,” was duly and legally issued on November 17, 2015 to inventors Dietmar Weitz, Francoise Menguy-Vacheron, Pierre-Francois Clot, and Sandrine Turpault. The ‘346 patent was assigned to Sanofi. The ‘346 patent will expire on February 4, 2034. At all times from the issuance of the ‘346 patent, Sanofi has been the owner of the ‘346 patent.

**ANSWER:** Defendants admit that Plaintiffs purport to attach a copy of the ’346 patent to the Complaint as Exhibit C, which speaks for itself and is the best source for its content. Defendants further admit that the face of the ’346 patent indicates that it issued on November 17, 2015, is entitled “Methods for Reducing the Risk of an Adverse Teriflunomide and Rosuvastatin Interaction in Multiple Sclerosis Patients,” lists Dietmar Weitz, Francoise Menguy-Vacheron, Pierre-Francois Clot, and Sandrine Turpault as inventors, and lists Sanofi as the assignee. Defendants deny that the ’346 patent was “duly and legally” issued. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint, and, on that basis, deny those allegations.

## RESPONSE TO ACTS GIVING RISE TO THIS ACTION

> 23. Sanofi-Aventis U.S. LLC is the holder of the approved New Drug Application (“NDA”) No. 202992 for the Aubagio® (teriflunomide), 7 mg and 14 mg, drug product (“Aubagio® NDA”). Sanofi-Aventis U.S. LLC, Aventisub LLC, Sanofi, and Genzyme all share in the revenue generated from the sale of Aubagio®.

**ANSWER:** Defendants admit that sanofi-aventis U.S. LLC is listed in the records of the FDA as the holder of NDA No. 202992. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint, and, on that basis, deny those allegations.

> 24. Aubagio® is indicated for the treatment of patients with relapsing forms of multiple sclerosis (“MS”) (“Approved Indication”) and acts to alleviate and/or slow the appearance of symptoms of an acute episode of MS, and slow the progression of an acute episode of MS. Usage of Aubagio® and the Approved Indication are described in the Aubagio® Prescribing Information, which also instructs that when Aubagio is coadministered with rosuvastatin, the dose of rosuvastatin should not exceed 10 mg once daily in patients.

**ANSWER:** Defendants admit that the approved labeling for Aubagio® states that it is indicated for the treatment of patients with relapsing forms of multiple sclerosis. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint, and, on that basis, deny those allegations.

> 25. The ‘410, ‘735, and ‘346 patents are listed in the FDA publication entitled “Approved Drug Products with Therapeutic Equivalence Evaluation” (the Orange Book) as being applicable to Aubagio®.

**ANSWER:** Defendants admit that the ’410, ’735, and ’346 patents are listed in the electronic version of the FDA’s Orange Book for Aubagio®. Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint, and, on that basis, deny those allegations.

> 26. The ‘410 patent covers the use of Aubagio® according to its Approved Indication, which includes treatment of patients with relapsing forms of MS, which includes alleviating and/or slowing the appearance of symptoms of and the progression of an acute episode of MS. The ‘735 patent covers tablet formulations that improve the stability of the Aubagio® drug product. The ‘346 patent covers the use of Aubagio® when coadministered with rosuvastatin to manage the risk of drug interactions as described in the Aubagio® Prescribing Information.

**ANSWER:** Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and, on that basis, deny those allegations.

> 27. Defendants have knowledge of the ‘410, ‘735, and ‘346 patents.

**ANSWER:** Paragraph 27 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants admit that they know of the ’410, ’735, and ’346 patents. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 27 of the Complaint.

28. By the Notice Letter, Mylan Pharms notified Plaintiffs that Mylan Pharms had submitted ANDA No. 209702 to the FDA seeking approval to engage in the commercial manufacture, importation, use, and/or sale of the Teriflunomide ANDA Products prior to the expiration of the ‘410, ‘735, and ‘346 patents.

**ANSWER:** Defendants admit that counsel for MPI sent a letter dated November 28, 2016 to sanofi-aventis U.S. LLC, Aventisub LLC, and Sanofi regarding MPI’s submission of ANDA No. 209702 to the FDA to obtain approval for the product that is the subject of MPI’s ANDA prior to expiration of the’410, ’735, and ’346 patents. The letter speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 28 of the Complaint.

29. Mylan Pharms submitted ANDA No. 209702 to obtain FDA approval to engage in the commercial manufacture, importation, use, and/or sale of the Teriflunomide ANDA Products prior to the expiration of the ‘410, ‘735, and ‘346 patents.

**ANSWER:** Defendants admit that MPI filed ANDA No. 209702 with the FDA to obtain approval for the product that is the subject of MPI’s ANDA prior to expiration of the’410, ’735, and ’346 patents. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 29 of the Complaint.

30. On information and belief, Defendants intend to engage in the commercial manufacture, importation, use, and/or sale of the Teriflunomide ANDA Products in/into the United States and/or induce or contribute to such acts promptly upon receiving FDA approval to do so and during the term of the ‘410, ‘735, and ‘346 patents.

**ANSWER:** Defendants admit that MPI filed ANDA No. 209702 with the FDA to obtain approval for the product that is the subject of MPI’s ANDA prior to expiration of the ’410, ’735,

and ’346 patents. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

> 31. In the Notice Letter, Mylan Pharms notified Plaintiffs that ANDA No. 209702 contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in Mylan Pharms’ opinion, the ‘410, ‘735, and ‘346 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, offer for sale, and/or importation of the Teriflunomide ANDA Products in/into the United States (“Paragraph IV Certification”).

**ANSWER:** Defendants admit that MPI’s November 28, 2016 letter informed sanofi-aventis U.S. LLC, Aventisub LLC, and Sanofi of MPI’s paragraph IV certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the claims of the ’410, ’735, and ’346 patents are invalid, unenforceable, and/or will not be infringed by MPI’s ANDA No. 209702 for a generic teriflunomide drug product. The letter speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 31 of the Complaint.

> 32. Mylan Pharms’ Notice Letter included an Offer of Confidential Access (the “Offer”) to ANDA No. 209702 pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III). However, the parties were unable to agree to the provisions governing the confidential access. Therefore, counsel for Plaintiffs have not reviewed ANDA No. 209702 under the terms of a confidentiality agreement.

**ANSWER:** Defendants admit that Plaintiffs refused to accept MPI’s Offer of Confidential Access and that the parties exchanged correspondence regarding the terms of the Offer for Confidential Access. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 32 of the Complaint.

> 33. Plaintiffs are not aware of any other means of obtaining information regarding Defendant’s Teriflunomide ANDA Products within the 45-Day statutory period. Without such information, Plaintiffs will use the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, such information as is required to confirm its allegations of infringement and to present the Court evidence that the Teriflunomide ANDA Products fall within the scope of one or more claims of the ‘410, ‘735, and ‘346 patents.

**ANSWER:** Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and, on that basis, deny those allegations.

> 34. On information and belief, the active ingredient of the Teriflunomide ANDA Products is teriflunomide, which is the same active ingredient in Aubagio® and the same active ingredient used in the methods of one or more claims of the '410 and '346 patents and the formulation of one or more claims of the '735 patent.

**ANSWER:** Paragraph 34 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 34 of the Complaint.

> 35. On information and belief, Mylan Pharms asserted in ANDA No. 209702 that the Teriflunomide ANDA Products are bioequivalent to Aubagio®.

**ANSWER:** Defendants admit that MPI submitted ANDA No. 209702 to the FDA seeking approval for a generic teriflunomide drug product that is bioequivalent to Aubagio®. MPI's ANDA No. 209702 speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 35 of the Complaint.

> 36. On information and belief, ANDA No. 209702 refers to and relies upon the Aubagio® NDA and contains data that, according to Mylan Pharms, demonstrate the bioequivalence of the Teriflunomide ANDA Products and Aubagio®.

**ANSWER:** Defendants admit that MPI submitted ANDA No. 209702 to the FDA seeking approval for a generic teriflunomide drug product that is bioequivalent to Aubagio®. MPI's ANDA No. 209702 speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 36 of the Complaint.

37. On information and belief, Mylan Pharms is seeking approval to market the Teriflunomide ANDA Products for the same Approved Indication as Aubagio®.

**ANSWER:** Defendants admit that the Indication and Usage that is described in the Prescribing Information contained in MPI's ANDA No. 209702 states "Teriflunomide tablets are a pyrimidine synthesis inhibitor indicated for the treatment of patients with relapsing forms of multiple sclerosis." The Prescribing Information contained in MPI's ANDA No. 209702 speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38. On information and belief, Mylan Pharms is seeking approval to market the Teriflunomide ANDA Products for the treatment of patients with relapsing forms of multiple sclerosis, which includes alleviating and/or slowing the appearance of symptoms of an acute episode of MS, and slowing the progression of an acute episode of MS.

**ANSWER:** Defendants admit that the Indication and Usage that is described in the Prescribing Information contained in MPI's ANDA No. 209702 states "Teriflunomide tablets are a pyrimidine synthesis inhibitor indicated for the treatment of patients with relapsing forms of multiple sclerosis." The Prescribing Information contained in MPI's ANDA No. 209702 speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 38 of the Complaint.

39. On information and belief, Mylan Pharms is seeking approval to market the Teriflunomide ANDA Products that are formulated with 1% to 30% by weight of teriflunomide, 5% to 20% by weight of disintegrant, 0% to 40% by weight of binder, 0.1% to 2% by weight of lubricant, the remaining percentage by weight of diluents, and without colloidal silicon dioxide.

**ANSWER:** Paragraph 39 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants admit that MPI submitted ANDA No. 209702 to the FDA seeking approval for a generic teriflunomide drug product. MPI's ANDA No. 209702 speaks for itself and is the best source for its content. To the extent not expressly

admitted, Defendants deny the remaining allegations contained in paragraph 39 of the Complaint.

> 40. On information and belief, Mylan Pharms is seeking approval to market the Teriflunomide ANDA Products that are formulated with a therapeutically effective amount of teriflunomide and have a pH of no more than 2.2.

**ANSWER:** Paragraph 40 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants admit that MPI submitted ANDA No. 209702 to the FDA seeking approval for a generic teriflunomide drug product. MPI's ANDA No. 209702 speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 40 of the Complaint.

> 41. On information and belief, Mylan Pharms is seeking approval to market the Teriflunomide ANDA Products that, when coadministered with rosuvastatin, will be used such that the dose of rosuvastatin will not exceed 10 mg once daily in patients.

**ANSWER:** Paragraph 41 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants admit that MPI submitted ANDA No. 209702 to the FDA seeking approval for a generic teriflunomide drug product. MPI's ANDA No. 209702 speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 41 of the Complaint.

> 42. On information and belief, Mylan Inc. was actively involved in the preparation and/or submission of ANDA No. 209702 including the Paragraph IV certification against the '410, '735, and '346 patents.

**ANSWER:** Defendants deny the allegations contained in paragraph 42 of the Complaint.

> 43. On information and belief, Mylan Inc. actively and knowingly provided Mylan Pharms with material information and support in preparing and submitting ANDA

No. 209702 and has therefore aided and/or abetted in the filing of ANDA No. 209702.

**ANSWER:** Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. On information and belief, Defendants will work in concert with one another to commercially manufacture, use, offer for sale, and/or sell the Teriflunomide ANDA Products throughout the United States, import the Teriflunomide ANDA Products into the United States, and/or induce and/or contribute to such acts promptly upon receiving FDA approval to do so and during the term of the '410, '735, and '346 patents.

**ANSWER:** Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. On information and belief, Defendants will knowingly accompany the Teriflunomide ANDA Products with prescribing information that will contain instructions for use that substantially copy the instructions for Aubagio®, including instructions for administering the Teriflunomide ANDA Products as claimed in at least one of the claims, including but not limited to claim 10, of the '410 patent and at least one of the claims, including but not limited to claim 5, of the '346 patent.

**ANSWER:** Paragraph 45 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. On information and belief, Defendants' prescribing information for the Teriflunomide ANDA Products will instruct users to administer the Teriflunomide ANDA Products to treat patients with relapsing forms of multiple sclerosis, which includes alleviating and/or slowing the appearance of symptoms of an acute episode of MS, or slowing the progression of an acute episode of MS.

**ANSWER:** Paragraph 46 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants admit that MPI's ANDA No. 209702 contains Prescribing Information, which speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 46 of the Complaint.

47. On information and belief, Defendants' prescribing information for the Teriflunomide ANDA Products will instruct users to administer the Teriflunomide

ANDA Products to treat multiple sclerosis while managing the risk of teriflunomide and rosuvastatin drug interaction when coadministered.

**ANSWER:** Paragraph 47 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants admit that MPI's ANDA No. 209702 contains Prescribing Information, which speaks for itself and is the best source for its content. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 47 of the Complaint.

48. On information and belief, Defendants have knowledge and/or an expectation that the Teriflunomide ANDA Products will be used in accordance with its prescribing information.

**ANSWER:** Paragraph 48 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and, on that basis, deny those allegations.

49. On information and belief, Defendants know that the prescribing information that will accompany the Teriflunomide ANDA Products will induce and/or contribute to others using the Teriflunomide ANDA Products in the manner set forth in the prescribing information.

**ANSWER:** Paragraph 49 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and, on that basis, deny those allegations.

50. On information and belief, physicians, health care providers, and/or patients will directly infringe one or more claims of the '410, '735, and '346 patents by using the Teriflunomide ANDA Products in accordance with the prescribing information provided by Defendants after the FDA approves ANDA No. 209702.

**ANSWER:** Paragraph 50 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. On information and belief, Defendants specifically intend that physicians, health care providers, and/or patients will use the Teriflunomide ANDA Products in accordance with the prescribing information provided by Defendants to directly infringe one or more claims of the '410, '735, and '346 patents.

**ANSWER:** Paragraph 51 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. On information and belief, Defendants designed the Teriflunomide ANDA Products for use in a way that would infringe the '735 patent and designed the Teriflunomide ANDA Products for use in a way that would infringe the '410 and '346 patents and will instruct users of the Teriflunomide ANDA Products to use the Teriflunomide ANDA Products in a way that would infringe one or more claims of the '410 and '346 patents.

**ANSWER:** Paragraph 52 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. On information and belief, the Teriflunomide ANDA Products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER:** Paragraph 53 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. On information and belief, Defendants knowingly have taken and intend to take active steps to induce and/or contribute to physicians, health care providers, and/or patients using the Teriflunomide ANDA Products in a manner that directly infringes one or more claims of the '410 and '346 patents including, but not limited to, providing prescribing information with instructions for administering the Teriflunomide ANDA Products as claimed in one or more claims of the '410 and '346 patents.

**ANSWER:** Paragraph 54 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Plaintiffs commenced this action within 45 days of receiving the Notice Letter.

**ANSWER:** Defendants admit that Plaintiffs commenced this action within 45 days of receiving MPI's letter dated November 28, 2016 regarding MPI's ANDA No. 209702.

**RESPONSE TO ALLEGATIONS PERTAINING TO COUNT I FOR INFRINGEMENT OF THE '410 PATENT**

56. Plaintiffs repeat and reallege the allegations of paragraphs 1-55 as if fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference their responses to paragraphs 1-55 above as if fully set forth herein.

57. Mylan Pharms' submission of ANDA No. 209702 containing the Paragraph IV Certification to obtain approval from the FDA to engage in the commercial manufacture, importation, use, or sale of the Teriflunomide ANDA Products in/into the United States prior to the expiration of the '410 patent constitutes infringement of at least one of the claims, including but not limited to claim 10, of the '410 patent under 35 U.S.C. § 271 (e)(2)(A).

**ANSWER:** Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Mylan Inc. actively and knowingly aided, abetted, and induced Mylan Pharms to submit ANDA No. 209702 containing the Paragraph IV Certification before the expiration of the '410 patent.

**ANSWER:** Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants had notice of the '410 patent at the time of their infringement. Defendants' infringement has been, and continues to be, deliberate.

**ANSWER:** Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Plaintiffs will be substantially and irreparably harmed if Defendants' infringement of the '410 patent is not enjoined. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

**ANSWER:** Defendants deny the allegations contained in paragraph 61 of the Complaint.

**RESPONSE TO ALLEGATIONS PERTAINING TO COUNT II FOR DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '410 PATENT**

62. Plaintiffs repeat and reallege the allegations of paragraphs 1-61 as if fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference their responses to paragraphs 1-61 above as if fully set forth herein.

63. This claim arises under the Patent Laws, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties. Defendants have taken immediate and active steps, through the submission of ANDA No. 209702, to obtain approval from the FDA to commercially manufacture, import, use, or sell the Teriflunomide ANDA Products prior to the expiration of the '410 patent.

**ANSWER:** Paragraph 63 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiffs purport to bring an action for patent infringement under the Patent Laws, 35 U.S.C. § 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 63 of the Complaint.

64. After obtaining FDA approval, Defendants plan to act in concert with each other to commercially manufacture, use, offer for sale, and/or sell the Teriflunomide ANDA Products in the United States, import the Teriflunomide ANDA Products into the United States, and/or induce or contribute to such acts prior to the expiration of the '410 patent.

**ANSWER:** Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Upon FDA approval of ANDA No. 209702, Defendants will infringe one or more of the claims, including but not limited to claim 10, of the '410 patent under §§ 271 (a), (b), or (c) by making, using, selling, offering for sale, or importing the

Teriflunomide ANDA Products in/into the United States and/or inducing or contributing to such acts prior to the expiration of '410 patent, unless enjoined by this Court. Accordingly, an actual and immediate controversy exists between the parties regarding infringement of the '410 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

**ANSWER:** Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Upon FDA approval of ANDA No. 209702, use of the Teriflunomide ANDA Products as directed by the instructions to be included with the Teriflunomide ANDA Products will directly infringe at least one of the claims, including but not limited to claim 10, of the '410 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (a), unless enjoined by this Court.

**ANSWER:** Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants have taken and intend to take active steps to induce or contribute to the direct infringement of one or more claims, including but not limited to claim 10, of the '410 patent under 35 U.S.C. § 271 (b) and/or § 271 (c) after ANDA No. 209702 is approved, unless enjoined by this Court.

**ANSWER:** Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants have knowledge of the '410 patent and, by the prescribing information that will be included with Teriflunomide ANDA Products, know or should know that they will aid and abet another's direct infringement of at least one of the claims, including but not limited to claim 10, of the '410 patent either literally or under the doctrine of equivalents.

**ANSWER:** Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants' offering for sale, sale, and/or importation of the Teriflunomide ANDA Products in/into the United States with the prescribing information for the Teriflunomide ANDA Products will actively induce infringement of at least one of the claims, including but not limited to claim 10, of the '410 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (b).

**ANSWER:** Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. The use of the Teriflunomide ANDA Products constitutes a material part of at least one of the claims, including but not limited to claim 10, of the '410 patent; Defendants know that the Teriflunomide ANDA Products are especially made or adapted for use in infringing at least one of the claims, including but not limited to claim 10, of the '410 patent either literally or under the doctrine of equivalents; and Defendants know that the Teriflunomide ANDA Products are not staple

articles of commerce or commodities of commerce suitable for substantial noninfringing use.

**ANSWER:** Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants' manufacture, use, offering for sale, sale, and/or importation of the Teriflunomide ANDA Products in/into the United States will contributorily infringe at least one of the claims, including but not limited to claim 10, of the '410 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (c).

**ANSWER:** Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants will have notice of the '410 patent at the time of their infringement. Defendants' infringement of the '410 patent will be deliberate.

**ANSWER:** Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Plaintiffs will be substantially and irreparably harmed if Defendants' infringement is not enjoined. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

**ANSWER:** Defendants deny the allegations contained in paragraph 74 of the Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO COUNT III FOR INFRINGEMENT OF THE '735 PATENT

75. Plaintiffs repeat and reallege the allegations of paragraphs 1-74 as if fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference their responses to paragraphs 1-74 above as if fully set forth herein.

76. Mylan Pharms' submission of ANDA No. 209702 containing the Paragraph IV Certification to obtain approval from the FDA to engage in the commercial manufacture, importation, use, or sale of the Teriflunomide ANDA Products in/into the United States prior to the expiration of the '735 patent constitutes infringement of at least one of the claims, including but not limited to claims 1 and 10, of the '735 patent under 35 U.S.C. § 271 (e)(2)(A).

**ANSWER:** Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Mylan Inc. actively and knowingly aided, abetted, and induced Mylan Pharms to submit ANDA No. 209702 containing the Paragraph IV Certification before the expiration of the '735 patent.

**ANSWER:** Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. On information and belief, the commercial manufacture, use, importation, use, or sale of the Teriflunomide ANDA Products would directly or indirectly infringe one or more claims of the '735 patent.

**ANSWER:** Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. On information and belief, the Teriflunomide ANDA Products are covered by one or more claims of the '735 patent. On information and belief, the commercial manufacture, use, importation, use, or sale of the Teriflunomide ANDA Products would directly or indirectly infringe at least claims 1 and 10 of the '735 patent.

**ANSWER:** Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants had notice of the '735 patent at the time of Defendants' infringement. Defendants' infringement has been, and continues to be, deliberate.

**ANSWER:** Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Plaintiffs will be substantially and irreparably harmed if Defendants' infringement of the '735 patent is not enjoined. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

**ANSWER:** Defendants deny the allegations contained in paragraph 82 of the Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO COUNT IV FOR INFRINGEMENT OF THE '346 PATENT

83. Plaintiffs repeat and reallege the allegations of paragraphs 1-82 as if fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference their responses to paragraphs 1-82 above as if fully set forth herein.

84. Mylan Pharms' submission of ANDA No. 209702 containing the Paragraph IV Certification to obtain approval from the FDA to engage in the commercial

manufacture, importation, use, or sale of the Teriflunomide ANDA Products in/into the United States prior to the expiration of the '346 patent constitutes infringement of at least one of the claims, including but not limited to claim 5, of the of the '346 patent under 35 U.S.C. § 271 (e)(2)(A).

**ANSWER:** Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Mylan Inc. actively and knowingly aided, abetted, and induced Mylan Pharms to submit ANDA No. 209702 containing the Paragraph IV Certification before the expiration of the '346 patent.

**ANSWER:** Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants had notice of the '346 patent at the time of their infringement. Defendants' infringement has been, and continues to be, deliberate.

**ANSWER:** Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Plaintiffs will be substantially and irreparably harmed if Defendants' infringement of the '346 patent is not enjoined. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

**ANSWER:** Defendants deny the allegations contained in paragraph 88 of the Complaint.

## RESPONSE TO ALLEGATIONS PERTAINING TO COUNT V FOR DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '346 PATENT

89. Plaintiffs repeat and reallege the allegations of paragraphs 1-88 as if fully set forth herein.

**ANSWER:** Defendants reassert and incorporate by reference their responses to paragraphs 1-88 above as if fully set forth herein.

90. This claim arises under the Patent Laws, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties. Defendants have taken immediate and active steps, through the submission of ANDA No. 209702, to obtain approval from the FDA to commercially manufacture, import, use, or sell the Teriflunomide ANDA Products prior to the expiration of the '346 patent.

**ANSWER:** Paragraph 90 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiffs purport to bring an action for patent infringement under the Patent Laws, 35 U.S.C. § 1 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. To the extent not expressly admitted, Defendants deny the remaining allegations contained in paragraph 90 of the Complaint.

91. After obtaining FDA approval, Defendants plan to act in concert with each other to commercially manufacture, use, offer for sale, and/or sell the Teriflunomide ANDA Products in the United States, import the Teriflunomide ANDA Products into the United States, and/or induce or contribute to such acts prior to the expiration of the '346 patent.

**ANSWER:** Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Upon FDA approval of ANDA No. 209702, Defendants will infringe one or more of the claims of the '346 patent under §§ 271 (a), (b), or (c) by making, using, selling, offering for sale, or importing the Teriflunomide ANDA Products in/into the United States and/or inducing or contributing to such acts prior to the expiration of '346 patent, unless enjoined by this Court. Accordingly, an actual and immediate controversy exists between the parties regarding infringement of the '346 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

**ANSWER:** Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Upon FDA approval of ANDA No. 209702, use of the Teriflunomide ANDA Products as directed by the instructions to be included with the Teriflunomide ANDA Products will directly infringe at least one of the claims, including but not limited to claim 5, of the '346 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (a), unless enjoined by this Court.

**ANSWER:** Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Defendants have taken and intend to take active steps to induce or contribute to the direct infringement of one or more claims, including but not limited to claim 5, of the '346 patent under 35 U.S.C. § 271 (b) and/or § 271 (c) after ANDA No. 209702 is approved, unless enjoined by this Court.

**ANSWER:** Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. Defendants have knowledge of the '346 patent and, by the prescribing information that will be included with Teriflunomide ANDA Products, know or should know that they will aid and abet another's direct infringement of at least one of the

claims, including but not limited to claim 5, of the '346 patent either literally or under the doctrine of equivalents.

**ANSWER:** Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. Defendants' offering for sale, sale, and/or importation of the Teriflunomide ANDA Products in/into the United States with the prescribing information for the Teriflunomide ANDA Products will actively induce infringement of at least one of the claims, including but not limited to claim 5, of the '346 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (b).

**ANSWER:** Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. The use of the Teriflunomide ANDA Products constitutes a material part of at least one of the claims, including but not limited to claim 5, of the '346 patent; Defendants know that the Teriflunomide ANDA Products are especially made or adapted for use in infringing at least one of the claims, including but not limited to claim 5, of the '346 patent either literally or under the doctrine of equivalents; and Defendants know that the Teriflunomide ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

**ANSWER:** Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants' manufacture, use, offering for sale, sale, and/or importation of the Teriflunomide ANDA Products in/into the United States will contributorily infringe at least one of the claims, including but not limited to claim 5, of the '346 patent either literally or under the doctrine of equivalents, under 35 U.S.C. § 271 (c).

**ANSWER:** Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants will have notice of the '346 patent at the time of their infringement. Defendants' infringement of the '346 patent will be deliberate.

**ANSWER:** Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Plaintiffs will be substantially and irreparably harmed if Defendants' infringement is not enjoined. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** Defendants deny the allegations contained in paragraph 100 of the Complaint.

101. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorney fees.

**ANSWER:** Defendants deny the allegations contained in paragraph 101 of the Complaint.

## GENERAL DENIAL

Any allegation in Plaintiffs' Complaint not expressly admitted by Defendants is hereby denied. Having answered Plaintiffs' Complaint, Defendants deny that Plaintiffs are entitled to the relief requested in Plaintiffs' Prayer for Relief or to any relief whatsoever.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in their Answer to the Complaint, and without admitting any allegations of the Complaint not otherwise admitted, Defendants assert the following separate defenses to the Complaint without assuming the burden of proof on any defense that would otherwise rest on the Plaintiffs:

## FIRST SEPARATE DEFENSE

The filing of MPI's ANDA No. 209702, and the manufacture, use, or sale, offer for sale, or importation of the product that is the subject of MPI's ANDA No. 209702, does not infringe any valid or enforceable claim of the '410 patent, the '735 patent, or the '346 patent.

## SECOND SEPARATE DEFENSE

The claims of the '410 patent,'735 patent, and/or '346 patent are invalid for failure to satisfy one or more of the conditions for patentability contained in 35 U.S.C. §§ 102, 103 and/or 112 at least for the reasons set forth in the detailed factual and legal statement accompanying MPI's Notice Letter to Plaintiffs. For example, one or more of the claims of the '410 patent,'735 patent, and/or '346 patent are invalid because they are anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 over one or more prior art. In addition, one or more of the claims of the '410 patent,'735 patent, and/or '346 patent are invalid under 35 U.S.C. § 112 for lack of enablement and written description. For example, all of the claims of the '735 patent are broadly

directed toward any type of "solid pharmaceutical composition" having the specific limitations of the claims, yet the '735 patent only discloses how to make tablets.

**THIRD SEPARATE DEFENSE**

The Complaint fails to state a cause of action under 35 U.S.C. § 271(e)(2)(A) against Mylan Inc. because, under § 271(e)(2)(A), the filing of a ANDA pursuant to 21 U.S.C. § 505(b)(2) with a paragraph IV certification is a technical act of infringement, and Mylan Inc. did not file ANDA No. 209702.

**FOURTH SEPARATE DEFENSE**

The Complaint fails to state a cause of action under 35 U.S.C. § 271(a)-(c), or (g) against Defendants because the Plaintiffs have not pleaded with particularity facts regarding any post-ANDA approval activities that can give rise to liability under those sections.

**FIFTH SEPARATE DEFENSE**

The Court does not have subject matter jurisdiction over Plaintiffs' claims against Defendants under 35 U.S.C. § 271(a)-(c), or (g) because there is no real and immediate case or controversy because MPI's ANDA No. 209702 has not been approved.

**SIXTH SEPARATE DEFENSE**

The Court does not have personal jurisdiction over Defendants in this Court.

**SEVENTH SEPARATE DEFENSE**

Venue is improper in this Court.

**EIGHTH SEPARATE DEFENSE**

Any and all additional defenses and counterclaims that discovery may reveal.

# COUNTERCLAIMS

For its counterclaims against Plaintiffs/Counterclaim Defendants sanofi-aventis U.S. LLC ("sanofi-aventis U.S."), Aventisub LLC, Sanofi, and Genzyme Corporation (collectively, "Counterclaim Defendants"), Defendant/Counterclaim Plaintiff Mylan Pharmaceuticals Inc. ("MPI" or "Counterclaim Plaintiff") states as follows:

## PARTIES

1. Upon information and belief, Plaintiff/Counterclaim Defendant sanofi-aventis U.S. LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey 08807. Upon information and belief, sanofi-aventis U.S. LLC is a wholly-owned U.S. subsidiary of Sanofi.

2. Upon information and belief, Plaintiff/Counterclaim Defendant Aventisub LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 3711 Kennett Pike, Suite 200, Greenville, Delaware 19807.

3. Upon information and belief, Plaintiff/Counterclaim Defendant Sanofi is a corporation organized and existing under the laws of France, having its principal place of business at 54 rue La Boétie, 75008 Paris, France.

4. Upon information and belief, Plaintiff/Counterclaim Defendant Genzyme is a corporation organized and existing under the laws of the State of Massachusetts, having its principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

5. MPI is a corporation organized and existing under the laws of the State of West Virginia, having a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

## JURISDICTION AND VENUE

6. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. The Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over Counterclaim Defendants because Plaintiffs/Counterclaim Defendants commenced and continue to maintain this action against Defendants in this judicial district.

9. Venue for these Counterclaims is proper in this judicial district because Plaintiffs/Counterclaim Defendants commenced and continue to maintain this action against Defendants in this judicial district.

## PATENTS-IN-SUIT

10. Upon information and belief, on September 21, 2004, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,794,410 ("the '410 patent"), titled "Use of (Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4'- trifluoromethylphenyl)-amide for Treating Multiple Sclerosis." Upon information and belief, Aventisub LLC is the owner or assignee of the '410 patent.

11. Upon information and belief, on August 12, 2014, the USPTO issued U.S. Patent No. 8,802,735 ("the '735 patent"), entitled "(Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4'-trifluoromethylphenyl)-amide Tablet Formulations with Improved Stability." Upon information and belief, Sanofi is the owner or assignee of the '735 patent.

12. Upon information and belief, on November 17, 2015, the USPTO issued U.S. Patent No. 9,186,346 ("the '346 patent"), entitled "Methods for Reducing the Risk of an

Adverse Teriflunomide and Rosuvastatin Interaction in Multiple Sclerosis Patients." Upon information and belief, Sanofi is the owner or assignee of the '346 patent.

13. Upon information and belief, sanofi-aventis US is indicated in the records of the United States Food and Drug Administration as the holder of New Drug Application ("NDA") No. 202992 for teriflunomide tablets, 7 mg and 14 mg, marketed and sold under the brand name Aubagio®.

14. Upon information and belief, the '410, '735, and '346 patents are listed in the electronic version of the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") in association with Aubagio®.

15. By letter dated November 28, 2016 ("MPI's Notice Letter"), MPI notified Counterclaim Defendants sanofi-aventis U.S. LLC, Aventisub LLC, and Sanofi in writing that it had filed ANDA No. 209702 with a certification provided for in 21 U.S.C. § 355(b)(2)(A)(iv) ("Paragraph IV Certification") that the '410, '735, and '346 patents are invalid, unenforceable, and/or will not be infringed by the product that is the subject of ANDA No. 209702.

16. In accordance with 21 U.S.C. § 355(b)(3)(D)(ii), MPI's Notice Letter was accompanied by a detailed statement of the factual and legal basis for MPI's Paragraph IV Certification that the '410, '735, and/or '346 patents are invalid and/or will not be infringed.

17. In accordance with 21 U.S.C. § 355(c)(3)(D)(i)(III), MPI's Notice Letter included an Offer of Confidential Access to MPI's ANDA. The Offer of Confidential Access contained certain restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as permitted under 21 U.S.C. § 355(c)(3)(D)(i)(III).

18. On January 10, 2017, Counterclaim Defendants sued Counterclaim Plaintiff in this district alleging infringement of the '410, '735, and '346 patents.

**FIRST CLAIM FOR RELIEF**
(Declaratory Judgment of Non-Infringement of the ’410 Patent)

19. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-18 as if fully set forth herein.

20. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’410 patent’s claims.

21. Counterclaim Plaintiff denies infringement of the ’410 patent’s claims and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’410 patent. For example, all of the claims of the ’410 patent are directed toward the treatment of multiple sclerosis and require the oral administration of a therapeutically effective amount of a drug substance. Counterclaim Plaintiff does not prescribe or administer drugs to patients, and consequently, cannot infringe any valid or enforceable claim of the ’410 patent.

22. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants whether the manufacture, use, sale, offer for sale, or importation of the product that is the subject of MPI’s ANDA infringes the ’410 patent’s claims.

23. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the ’410 patent.

24. Counterclaim Plaintiff is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’410 patent.

**SECOND CLAIM FOR RELIEF**
(Declaratory Judgment of Invalidity of the ’410 Patent)

25. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-24 as if fully set forth herein.

26. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’410 patent’s claims.

27. Counterclaim Plaintiff denies infringement of the ’410 patent’s claims and alleges that the ’410 patent is invalid for at least the reasons set forth in the detailed factual and legal statement accompanying MPI’s Notice Letter to Plaintiffs.

28. For example, one or more of the claims of the ’410 patent are invalid because they are anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 over one or more of at least, and without limitation, the following prior art: U.S. Patent No. 5,780,592; Schorlemmer et al., “Therapeutic activity of leflunomide in acute and chronic relapsing experimental allergic encephalomyelitis,” *Agents Actions 41, Special Conference Issue:* C271-273 (1994); U.S. Patent No. 5,679,709; Miljkovic et al., “Leflunomide inhibits activation of inducible nitric oxide synthase in rat astrocytes,” *Brain Research*, 2001, 889:331-338; Manna et al., “Immunosuppressive leflunomide metabolite (A77 1726) blocks TNF-dependent nuclear factor κB activation and gene expression,” *J. Immunol.*, 1999, 162:2095-2102; Gveric et al., “Transcription factor NF-κB and inhibitor Iκ-Bα are localized in macrophages in active multiple sclerosis lesions,” *J Neuropathol Exp Neurol*, February 1998, 57:168-178; and McDonald, “Diagnosis of Multiple Sclerosis,” *BMJ*, 1989, 299(6700): 635-637.

29. More specifically, based on the teachings of the prior art, one of ordinary skill in the art would have understood that teriflunomide would be a useful treatment relating to multiple sclerosis (“MS”). In addition, the prior art teaches that leflunomide would be a useful treatment

for alleviating symptoms of an acute episode of MS in patients manifesting MS and that both leflunomide and teriflunomide are suitable, advantageous treatments for autoimmune disease, where one of ordinary skill in the art would expect that teriflunomide would similarly be a useful treatment for alleviating symptoms of an acute episode of MS in patients manifesting MS, and would have been motivated to administer a therapeutically effective amount of teriflunomide. In addition, based on the teachings of the prior art, one of ordinary skill in the art would also have been motivated to administer the teriflunomide in the presence of a pharmaceutically acceptable carrier and/or in the form of a tablet having excipients such as lactose or starch.

30. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants regarding the validity of the ’410 patent’s claims.

31. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the ’410 patent.

32. Counterclaim Plaintiff is entitled to a judicial declaration that one or more of the claims of the ’410 patent are invalid.

## **THIRD CLAIM FOR RELIEF**

(Declaratory Judgment of Non-Infringement of the ’735 Patent)

33. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-32 as if fully set forth herein.

34. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’735 patent’s claims.

35. Counterclaim Plaintiff denies infringement of the ’735 patent’s claims and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of

ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’735 patent.

36. The claims of the ’735 patent are not infringed for at least the reasons set forth in the detailed factual and legal statement MPI included with its Notice Letter to Plaintiffs. For example, the product that is the subject of MPI’s ANDA No. 209702 cannot be a “solid pharmaceutical composition [that] does not contain colloidal silicon dioxide” and is not a solid pharmaceutical composition, “wherein the pH of the solid pharmaceutical composition is no more than about 2.2,” as required by the claims of the ’735 patent.

37. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants whether the manufacture, use, sale, offer for sale, or importation of the product that is the subject of MPI’s ANDA infringes the ’735 patent’s claims.

38. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the ’735 patent.

39. Counterclaim Plaintiff is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’735 patent.

## <u>FOURTH CLAIM FOR RELIEF</u>

(Declaratory Judgment of Invalidity of the ’735 Patent)

40. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-39 as if fully set forth herein.

41. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’735 patent’s claims.

42. Counterclaim Plaintiff denies infringement of the ’735 patent’s claims and alleges that the ’735 patent is invalid for at least the reasons set forth in the detailed factual and legal statement accompanying MPI’s Notice Letter to Plaintiffs. For example, one or more of the claims of the ’735 patent are invalid under 35 U.S.C. § 112 for lack of enablement and written description. All of the claims of the ’735 patent are broadly directed toward any type of “solid pharmaceutical composition” having the specific limitations of the claims, yet the ’735 patent only discloses how to make tablets.

43. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants regarding the validity of the ’735 patent’s claims.

44. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the ’735 patent.

45. Counterclaim Plaintiff is entitled to a judicial declaration that one or more of the claims of the ’735 patent are invalid.

## FIFTH CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the ’346 Patent)

46. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-45 as if fully set forth herein.

47. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’346 patent’s claims.

48. Counterclaim Plaintiff denies infringement of the ’346 patent’s claims and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’346 patent. For example, all of the

claims of the ’346 patent are directed toward the treatment of multiple sclerosis and require the co administration of rosuvastatin with teriflunomide to a patient. Counterclaim Plaintiff does not prescribe or administer drugs to patients, and consequently, cannot infringe any valid or enforceable claim of the ’346 patent.

49. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants whether the manufacture, use, sale, offer for sale, or importation of the product that is the subject of MPI’s ANDA infringes the ’346 patent’s claims.

50. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the ’346 patent.

51. Counterclaim Plaintiff is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’346 patent.

## SIXTH CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the ’346 Patent)

52. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-51 as if fully set forth herein.

53. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’346 patent’s claims.

54. Counterclaim Plaintiff denies infringement of the ’346 patent’s claims and alleges that the ’346 patent is invalid for at least the reasons set forth in the detailed factual and legal statement accompanying MPI’s Notice Letter to Plaintiffs.

55. For example, one or more of the claims of the ’346 patent are invalid because they are anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 over one or more of at least, and without limitation, the following prior art: O’Connor et al., “Randomized trial of oral teriflunomide for relapsing multiple sclerosis,” *NEJM*, 2011; 365:1293-1303; AUBAGIO® (teriflunomide) tablets for oral administration, Prescribing Information and Patient Medication Guide, published September 12, 2012, pp. 1-27; Kis et al., “Leflunomide and its metabolite A771726 are high affinity substrates of BCRP: implications for drug resistance,” *Ann Rheum Dis*, 2009, 68:1201-1207 (Published online April 8, 2008); Ieiri et al., “Genetic polymorphisms of uptake (OATP1B1, 1B3) and efflux (MRP2, BCRP) transporters: implications for inter-individual differences in the pharmacokinetics and pharmacodynamics of statins and other clinically relevant drugs,” *Expert Opin. Drug. Metab. Toxicol.*, 2009, 5(7):703-729; CRESTOR® (rosuvastatin calcium) tablets, Prescribing Information and Patient Medication Guide, published December 20, 2012, pp. 1-44; FDA “Guidance for Industry: Drug Interactions Studies – Study Design, Data Analysis, Implications for Dosing, and Labeling Recommendations, Draft Guidance” published February 21, 2012; and AUBAGIO® NDA No. 202-992, Clinical Pharmacology and Biopharmaceutics Review, published September 12, 2012.

56. More specifically, based on the teachings of the prior art, one of ordinary skill in the art would have known that co-administration of teriflunomide and rosuvastatin would have resulted in a drug-drug interaction and that further studies would be necessary to determine the necessary dose adjustments. A person of ordinary skill would have been able to conduct an *in vivo* study, as taught by the prior art, and determine the necessary dosage adjustments of rosuvastatin as part of the routine optimization of a known, result-effective variable. In particular, through routine optimization, a person of ordinary skill in the art would have been

able to determine that, when treating a patient for relapsing forms of MS, a daily dosage of 7 mg or 14 mg of teriflunomide should be administered with rosuvastatin "at the amount of about 50% of the normal dose of rosuvastatin" and that when treating a patient for relapsing forms of MS, a daily dosage of 7 mg or 14 mg of teriflunomide should be administered with rosuvastatin "at a dose that does not exceed 10 mg once daily," as the prior art teaches that the dose range of rosuvastatin is 5 to 40 mg a day.

57. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants regarding the validity of the '346 patent's claims.

58. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the '346 patent

59. Counterclaim Plaintiff is entitled to a judicial declaration that one or more of the claims of the '346 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim Plaintiff respectfully prays for judgment in its favor and against Plaintiffs/Counterclaim Defendants:

(a) Declaring that the manufacture, use, sale, offer for sale, or importation of the drug product that is the subject of ANDA No. 209702 does not infringe, induce the infringement of, or contribute to the infringement of any valid or enforceable claim of the '410 patent, the '735 patent, and/or the '346 patent, either literally or under the doctrine of equivalents;

(b) Declaring that the claims of the '410 patent, the '735 patent and/or '346 patent are invalid;

(c) Ordering that Plaintiffs Complaint be dismissed with prejudice and judgment entered in favor of Defendants; Declaring this case exceptional and awarding Defendants/Counterclaim Plaintiff its reasonable attorney's fees and costs pursuant to 35 U.S.C. § 285; and

(d) Awarding Defendants/Counterclaim Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants*
*Mylan Pharmaceuticals Inc. and Mylan Inc.*

OF COUNSEL:

Robert L. Florence
Karen L. Carroll
Michael L. Binns
PARKER POE ADAMS & BERNSTEIN LLP
1180 Peachtree Street NE, Suite 1800
Atlanta, GA 30309
Tel: (678) 690-5750

Dated: February 15, 2017
1245653 / 43868