**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, SANOFI, and GENZYME CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC. and MYLAN INC.,<br><br>Defendants. | Civil Action No. 17-cv-0024-GMS |
| MYLAN PHARMACEUTICALS INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, SANOFI, and GENZYME CORPORATION,<br><br>Counterclaim-Defendants. | |

**SANOFI-AVENTIS U.S. LLC, AVENTISUB LLC, SANOFI, AND GENZYME CORPORATION'S ANSWER TO COUNTERCLAIMS**

sanofi-aventis U.S. LLC ("sanofi-aventis U.S."), Aventisub LLC ("Aventisub"), Sanofi, and Genzyme Corporation ("Genzyme") (collectively, "Plaintiffs/Counterclaim-Defendants") respond to the Counterclaims (D.I. 14) filed by Mylan Pharmaceuticals Inc. ("MPI") as follows:

## PARTIES

1. Upon information and belief, Plaintiff/Counterclaim Defendant sanofi-aventis U.S. LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey 08807. Upon information and belief, sanofi-aventis U.S. LLC is a wholly-owned U.S. subsidiary of Sanofi.

**ANSWER:** Plaintiff/Counterclaim-Defendant sanofi-aventis U.S. admits the allegations of paragraph 1.

2. Upon information and belief, Plaintiff/Counterclaim Defendant Aventisub LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 3711 Kennett Pike, Suite 200, Greenville, Delaware 19807.

**ANSWER:** Plaintiff/Counterclaim-Defendant Aventisub admits the allegations of paragraph 2.

3. Upon information and belief, Plaintiff/Counterclaim Defendant Sanofi is a corporation organized and existing under the laws of France, having its principal place of business at 54 rue La Boétie, 75008 Paris, France.

**ANSWER:** Plaintiff/Counterclaim-Defendant Sanofi admits the allegations of paragraph 3.

4. Upon information and belief, Plaintiff/Counterclaim Defendant Genzyme is a corporation organized and existing under the laws of the State of Massachusetts, having its principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

**ANSWER:** Plaintiff/Counterclaim-Defendant Genzyme admits the allegations of paragraph 4.

5. MPI is a corporation organized and existing under the laws of the State of West Virginia, having a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

**ANSWER:** Based on representations made by MPI in its Answer, Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 5.

**JURISDICTION AND VENUE**

6. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that Defendant/Counterclaim-Plaintiff seeks to assert an action to obtain a declaratory judgment of infringement of the ‘410, ‘735, and ‘346 patents but denies that the Counterclaims properly set forth such an action.

7. The Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 7.

8. The Court has personal jurisdiction over Counterclaim Defendants because Plaintiffs/Counterclaim Defendants commenced and continue to maintain this action against Defendants in this judicial district.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 8.

9. Venue for these Counterclaims is proper in this judicial district because Plaintiffs/Counterclaim Defendants commenced and continue to maintain this action against Defendants in this judicial district.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that they have commenced and continue to maintain this action against MPI in this judicial district. Plaintiffs/Counterclaim-Defendants do not contest venue in this judicial district. Plaintiffs/Counterclaim-Defendants deny any remaining allegations of paragraph 9.

## PATENTS-IN-SUIT

10. Upon information and belief, on September 21, 2004, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,794,410 ("the '410 patent"), titled "Use of (Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4'- trifluoromethylphenyl)-amide for Treating Multiple Sclerosis." Upon information and belief, Aventisub LLC is the owner or assignee of the '410 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that the '410 patent, titled "Use of (Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4'- trifluoromethylphenyl)-amide for Treating Multiple Sclerosis," was duly and legally issued on September 21, 2004. Plaintiffs/Counterclaim-Defendants admit that the '410 patent was assigned to Aventisub on June 4, 2014 and, since that

date, Aventisub has been the owner of the ’410 patent. Plaintiffs/Counterclaim-Defendants deny any remaining allegations of paragraph 10.

11. Upon information and belief, on August 12, 2014, the USPTO issued U.S. Patent No. 8,802,735 (“the ’735 patent”), entitled “(Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4’-trifluoromethylphenyl)-amide Tablet Formulations with Improved Stability.” Upon information and belief, Sanofi is the owner or assignee of the ’735 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that the ’735 patent, titled “(Z)-2-cyano-3-hydroxy-but-2-enoic Acid-(4’-trifluoromethylphenyl)-amide Tablet Formulations with Improved Stability,” was duly and legally issued on August 12, 2014. Plaintiffs/Counterclaim-Defendants admit that the ’735 patent was assigned to Sanofi and, since that assignment, Sanofi has been the owner of the ’735 patent. Plaintiffs/Counterclaim-Defendants deny any remaining allegations of paragraph 11.

12. Upon information and belief, on November 17, 2015, the USPTO issued U.S. Patent No. 9,186,346 (“the ’346 patent”), entitled “Methods for Reducing the Risk of an Adverse Teriflunomide and Rosuvastatin Interaction in Multiple Sclerosis Patients.” Upon information and belief, Sanofi is the owner or assignee of the ’346 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that the ’346 patent, titled “Methods for Reducing the Risk of an Adverse Teriflunomide and Rosuvastatin Interaction in Multiple Sclerosis Patients,” was duly and legally issued on November 17, 2015. Plaintiffs/Counterclaim-Defendants admit that the ’346 was assigned to Sanofi and, since that

assignment, Sanofi has been the owner of the ’346 patent. Plaintiffs/Counterclaim-Defendants deny any remaining allegations of paragraph 12.

13. Upon information and belief, sanofi-aventis US is indicated in the records of the United States Food and Drug Administration as the holder of New Drug Application (“NDA”) No. 202992 for teriflunomide tablets, 7 mg and 14 mg, marketed and sold under the brand name Aubagio®.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 13.

14. Upon information and belief, the ’410, ’735, and ’346 patents are listed in the electronic version of the *Approved Drug Products with Therapeutic Equivalence Evaluations* (“the Orange Book”) in association with Aubagio®.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 14.

15. By letter dated November 28, 2016 (“MPI’s Notice Letter”), MPI notified Counterclaim Defendants sanofi-aventis U.S. LLC, Aventisub LLC, and Sanofi in writing that it had filed ANDA No. 209702 with a certification provided for in 21 U.S.C. § 355(b)(2)(A)(iv) (“Paragraph IV Certification”) that the ’410, ’735, and ’346 patents are invalid, unenforceable, and/or will not be infringed by the product that is the subject of ANDA No. 209702.

**ANSWER:** Based on information contained within MPI’s Notice Letter, which Plaintiffs/Counterclaim-Defendants admit bears the date of November 28, 2016, Plaintiffs/Counterclaim-Defendants admit that MPI notified the Plaintiffs/Counterclaim-Defendants that MPI’s ANDA No. 209702 contained a certification, purported to be pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the ’410, ’735, and ’346 patents. Based on

information contained with MPI's Notice Letter, Plaintiffs/Counterclaim-Defendants admit that MPI has certified to the FDA that, in MPI's opinion, the '410, '735, and '346 patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the Teriflunomide ANDA products that are the subject of ANDA No. 209702. Plaintiffs/Counterclaim-Defendants deny that they received MPI's Notice Letter on November 28, 2016, and further deny any remaining allegations of paragraph 15.

16. In accordance with 21 U.S.C. § 355(b)(3)(D)(ii), MPI's Notice Letter was accompanied by a detailed statement of the factual and legal basis for MPI's Paragraph IV Certification that the '410, '735, and/or '346 patents are invalid and/or will not be infringed.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that MPI's Notice Letter was accompanied by a statement, purported to be made pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II), alleging a basis for MPI's Paragraph IV Certification. Plaintiffs/Counterclaim-Defendants deny that the factual and legal assertions within the statement accompanying MPI's Notice Letter provide sufficient basis to establish that the '410, '735, and/or '346 patents are invalid and/or will not be infringed. Plaintiffs/Counterclaim-Defendants deny any remaining allegations of paragraph 16.

17. In accordance with 21 U.S.C. § 355(c)(3)(D)(i)(III), MPI's Notice Letter included an Offer of Confidential Access to MPI's ANDA. The Offer of Confidential Access contained certain restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as permitted under 21 U.S.C. § 355(c)(3)(D)(i)(III).

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that MPI's Notice Letter included an Offer of Confidential Access to ANDA No. 209702, purported to be pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III). However, Plaintiffs/Counterclaim-Defendants and MPI were unable to agree to the provisions governing the confidential access. Plaintiffs/Counterclaim-Defendants deny any remaining allegations of paragraph 17.

18. On January 10, 2017, Counterclaim Defendants sued Counterclaim Plaintiff in this district alleging infringement of the '410, '735, and '346 patents.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 18.

**FIRST CLAIM FOR RELIEF**

(Declaratory Judgment of Non-Infringement of the '410 Patent)

19. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-18 as if fully set forth herein.

**ANSWER:** With respect to paragraph 19, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1-18 as if fully set forth herein.

20. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the '410 patent's claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 20.

21. Counterclaim Plaintiff denies infringement of the '410 patent's claims and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not

induce infringement of, any valid or enforceable claim of the ’410 patent. For example, all of the claims of the ’410 patent are directed toward the treatment of multiple sclerosis and require the oral administration of a therapeutically effective amount of a drug substance. Counterclaim Plaintiff does not prescribe or administer drugs to patients, and consequently, cannot infringe any valid or enforceable claim of the ’410 patent.

**ANSWER:** Paragraph 21 contains legal conclusions and allegations to which no answer is required, and Plaintiffs/Counterclaim-Defendants deny that paragraph 21 provides sufficient notice of the legal or factual basis underlying MPI’s request for a declaration of non-infringement of the ’410 patent under any provision of 35 U.S.C. § 271. To the extent an answer is required, Plaintiffs/Counterclaim-Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 21, and, on that basis, deny those allegations.

22. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants whether the manufacture, use, sale, offer for sale, or importation of the product that is the subject of MPI’s ANDA infringes the ’410 patent’s claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that there is a justiciable controversy between MPI and Plaintiffs/Counterclaim-Defendants regarding the infringement of the ’410 patent. Plaintiffs/Counterclaim-Defendants deny the remaining allegations of paragraph 22.

23. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the ’410 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 23.

24. Counterclaim Plaintiff is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’410 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 24.

**SECOND CLAIM FOR RELIEF**

(Declaratory Judgment of Invalidity of the ’410 Patent)

25. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-24 as if fully set forth herein.

**ANSWER:** With respect to paragraph 25, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1-24 as if fully set forth herein.

26. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’410 patent’s claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 26.

27. Counterclaim Plaintiff denies infringement of the ’410 patent’s claims and alleges that the ’410 patent is invalid for at least the reasons set forth in the detailed factual and legal statement accompanying MPI’s Notice Letter to Plaintiffs.

**ANSWER:** Paragraph 27 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 27.

28. For example, one or more of the claims of the '410 patent are invalid because they are anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 over one or more of at least, and without limitation, the following prior art: U.S. Patent No. 5,780,592; Schorlemmer et al., "Therapeutic activity of leflunomide in acute and chronic relapsing experimental allergic encephalomyelitis," *Agents Actions 41, Special Conference Issue:* C271-273 (1994); U.S. Patent No. 5,679,709; Miljkovic et al., "Leflunomide inhibits activation of inducible nitric oxide synthase in rat astrocytes," *Brain Research*, 2001, 889:331-338; Manna et al., "Immunosuppressive leflunomide metabolite (A77 1726) blocks TNF-dependent nuclear factor κB activation and gene expression," *J. Immunol.*, 1999, 162:2095-2102; Gveric et al., "Transcription factor NF-κB and inhibitor Iκ-Bα are localized in macrophages in active multiple sclerosis lesions," *J Neuropathol Exp Neurol*, February 1998, 57:168-178; and McDonald, "Diagnosis of Multiple Sclerosis," *BMJ*, 1989, 299(6700): 635-637.

**ANSWER:** Paragraph 28 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 28.

29. More specifically, based on the teachings of the prior art, one of ordinary skill in the art would have understood that teriflunomide would be a useful treatment relating to multiple sclerosis ("MS"). In addition, the prior art teaches that leflunomide would be a useful treatment

for alleviating symptoms of an acute episode of MS in patients manifesting MS and that both leflunomide and teriflunomide are suitable, advantageous treatments for autoimmune disease, where one of ordinary skill in the art would expect that teriflunomide would similarly be a useful treatment for alleviating symptoms of an acute episode of MS in patients manifesting MS, and would have been motivated to administer a therapeutically effective amount of teriflunomide. In addition, based on the teachings of the prior art, one of ordinary skill in the art would also have been motivated to administer the teriflunomide in the presence of a pharmaceutically acceptable carrier and/or in the form of a tablet having excipients such as lactose or starch.

**ANSWER:** Paragraph 29 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 29.

30. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants regarding the validity of the ’410 patent’s claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that there is a justiciable controversy between MPI and Plaintiffs/Counterclaim-Defendants regarding the validity of the ’410 patent. Plaintiffs/Counterclaim-Defendants deny the remaining allegations of paragraph 30.

31. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the ’410 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 31.

32. Counterclaim Plaintiff is entitled to a judicial declaration that one or more of the claims of the ’410 patent are invalid.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 32.

## THIRD CLAIM FOR RELIEF

(Declaratory Judgment of Non-Infringement of the ’735 Patent)

33. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-32 as if fully set forth herein.

**ANSWER:** With respect to paragraph 33, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1-32 as if fully set forth herein.

34. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’735 patent’s claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 34.

35. Counterclaim Plaintiff denies infringement of the ’735 patent’s claims and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’735 patent.

**ANSWER:** Paragraph 35 contains legal conclusions and allegations to which no answer is required, and Plaintiffs/Counterclaim-Defendants deny that paragraph 35 provides sufficient notice of the legal or factual basis underlying MPI’s request for a declaration of non-infringement of the ’735 patent under any provision of 35 U.S.C. § 271. To the extent an answer

is required, Plaintiffs/Counterclaim-Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 35, and, on that basis, deny those allegations.

36. The claims of the ’735 patent are not infringed for at least the reasons set forth in the detailed factual and legal statement MPI included with its Notice Letter to Plaintiffs. For example, the product that is the subject of MPI’s ANDA No. 209702 cannot be a “solid pharmaceutical composition [that] does not contain colloidal silicon dioxide” and is not a solid pharmaceutical composition, “wherein the pH of the solid pharmaceutical composition is no more than about 2.2,” as required by the claims of the ’735 patent.

**ANSWER:** Paragraph 36 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Plaintiffs/Counterclaim-Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 36, and, on that basis, deny those allegations.

37. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants whether the manufacture, use, sale, offer for sale, or importation of the product that is the subject of MPI’s ANDA infringes the ’735 patent’s claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that there is a justiciable controversy between MPI and Plaintiffs/Counterclaim-Defendants regarding the infringement of the ’735 patent. Plaintiffs/Counterclaim-Defendants deny the remaining allegations of paragraph 37.

38. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the ’735 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 38.

39. Counterclaim Plaintiff is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’735 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 39.

**FOURTH CLAIM FOR RELIEF**

(Declaratory Judgment of Invalidity of the ’735 Patent)

40. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-39 as if fully set forth herein.

**ANSWER:** With respect to paragraph 40, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1-39 as if fully set forth herein.

41. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’735 patent’s claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 41.

42. Counterclaim Plaintiff denies infringement of the ’735 patent’s claims and alleges that the ’735 patent is invalid for at least the reasons set forth in the detailed factual and legal statement accompanying MPI’s Notice Letter to Plaintiffs. For example, one or more of the claims of the ’735 patent are invalid under 35 U.S.C. § 112 for lack of enablement and written description. All of the claims of the ’735 patent are broadly directed toward any type of “solid pharmaceutical composition” having the specific limitations of the claims, yet the ’735 patent only discloses how to make tablets.

**ANSWER:** Paragraph 42 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 42.

43. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants regarding the validity of the ’735 patent’s claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that there is a justiciable controversy between MPI and Plaintiffs/Counterclaim-Defendants regarding the validity of the ’735 patent. Plaintiffs/Counterclaim-Defendants deny the remaining allegations of paragraph 43.

44. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the ’735 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 44.

45. Counterclaim Plaintiff is entitled to a judicial declaration that one or more of the claims of the ’735 patent are invalid.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 45.

**FIFTH CLAIM FOR RELIEF**

(Declaratory Judgment of Non-Infringement of the ’346 Patent)

46. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-45 as if fully set forth herein.

**ANSWER:** With respect to paragraph 46, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1-45 as if fully set forth herein.

47. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’346 patent’s claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 47.

48. Counterclaim Plaintiff denies infringement of the ’346 patent’s claims and alleges that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702 does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’346 patent. For example, all of the claims of the ’346 patent are directed toward the treatment of multiple sclerosis and require the co administration of rosuvastatin with teriflunomide to a patient. Counterclaim Plaintiff does not prescribe or administer drugs to patients, and consequently, cannot infringe any valid or enforceable claim of the ’346 patent.

**ANSWER:** Paragraph 48 contains legal conclusions and allegations to which no answer is required, and Plaintiffs/Counterclaim-Defendants deny that paragraph 48 provides sufficient notice of the legal or factual basis underlying MPI's request for a declaration of non-infringement of the '346 patent under any provision of 35 U.S.C. § 271. To the extent an answer is required, Plaintiffs/Counterclaim-Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 48, and, on that basis, deny those allegations.

49. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants whether the manufacture, use, sale, offer for sale, or importation of the product that is the subject of MPI's ANDA infringes the '346 patent's claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that there is a justiciable controversy between MPI and Plaintiffs/Counterclaim-Defendants regarding the infringement of the '346 patent. Plaintiffs/Counterclaim-Defendants deny the remaining allegations of paragraph 49.

50. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the '346 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 50.

51. Counterclaim Plaintiff is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, or importation of the product that is the subject of ANDA No. 209702

does not infringe, either directly, indirectly or contributorily, and would not induce infringement of, any valid or enforceable claim of the ’346 patent.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 51.

**SIXTH CLAIM FOR RELIEF**

(Declaratory Judgment of Invalidity of the ’346 Patent)

52. Counterclaim Plaintiff restates and realleges each of the foregoing paragraphs 1-51 as if fully set forth herein.

**ANSWER:** With respect to paragraph 52, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1-51 as if fully set forth herein.

53. Counterclaim Defendants have accused Counterclaim Plaintiff of infringing the ’346 patent’s claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 53.

54. Counterclaim Plaintiff denies infringement of the ’346 patent’s claims and alleges that the ’346 patent is invalid for at least the reasons set forth in the detailed factual and legal statement accompanying MPI’s Notice Letter to Plaintiffs.

**ANSWER:** Paragraph 54 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 54.

55. For example, one or more of the claims of the ’346 patent are invalid because they are anticipated and/or obvious under 35 U.S.C. §§ 102 and/or 103 over one or more of at least,

and without limitation, the following prior art: O'Connor et al., "Randomized trial of oral teriflunomide for relapsing multiple sclerosis," *NEJM*, 2011; 365:1293-1303; AUBAGIO® (teriflunomide) tablets for oral administration, Prescribing Information and Patient Medication Guide, published September 12, 2012, pp. 1-27; Kis et al., "Leflunomide and its metabolite A771726 are high affinity substrates of BCRP: implications for drug resistance," *Ann Rheum Dis*, 2009, 68:1201-1207 (Published online April 8, 2008); Ieiri et al., "Genetic polymorphisms of uptake (OATP1B1, 1B3) and efflux (MRP2, BCRP) transporters: implications for interindividual differences in the pharmacokinetics and pharmacodynamics of statins and other clinically relevant drugs," *Expert Opin. Drug. Metab. Toxicol.*, 2009, 5(7):703-729; CRESTOR® (rosuvastatin calcium) tablets, Prescribing Information and Patient Medication Guide, published December 20, 2012, pp. 1-44; FDA "Guidance for Industry: Drug Interactions Studies – Study Design, Data Analysis, Implications for Dosing, and Labeling Recommendations, Draft Guidance" published February 21, 2012; and AUBAGIO® NDA No. 202-992, Clinical Pharmacology and Biopharmaceutics Review, published September 12, 2012.

**ANSWER:** Paragraph 55 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 55.

56. More specifically, based on the teachings of the prior art, one of ordinary skill in the art would have known that co-administration of teriflunomide and rosuvastatin would have resulted in a drug-drug interaction and that further studies would be necessary to determine the necessary dose adjustments. A person of ordinary skill would have been able to conduct an *in vivo* study, as taught by the prior art, and determine the necessary dosage adjustments of

rosuvastatin as part of the routine optimization of a known, result-effective variable. In particular, through routine optimization, a person of ordinary skill in the art would have been able to determine that, when treating a patient for relapsing forms of MS, a daily dosage of 7 mg or 14 mg of teriflunomide should be administered with rosuvastatin "at the amount of about 50% of the normal dose of rosuvastatin" and that when treating a patient for relapsing forms of MS, a daily dosage of 7 mg or 14 mg of teriflunomide should be administered with rosuvastatin "at a dose that does not exceed 10 mg once daily," as the prior art teaches that the dose range of rosuvastatin is 5 to 40 mg a day.

**ANSWER:** Paragraph 56 contains legal conclusions and allegations to which no answer is required. To the extent an answer is required, Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 56.

57. A definite and concrete, real and substantial, justiciable, and continuing case or controversy exists between Counterclaim Plaintiff and Counterclaim Defendants regarding the validity of the '346 patent's claims.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that there is a justiciable controversy between MPI and Plaintiffs/Counterclaim-Defendants regarding the validity of the '346 patent. Plaintiffs/Counterclaim-Defendants deny the remaining allegations of paragraph 57.

58. A judicial declaration is necessary and appropriate so that Counterclaim Plaintiff may ascertain its rights regarding the '346 patent

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 58.

59. Counterclaim Plaintiff is entitled to a judicial declaration that one or more of the claims of the '346 patent are invalid.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 59.

## AFFIRMATIVE DEFENSE

Without prejudice to the denials set forth in this Answer, without admitting any allegation in the Counterclaims not otherwise admitted, and without undertaking any of the burdens imposed by law on MPI, Plaintiffs/Counterclaim-Defendants assert the following affirmative defense:

### FIRST DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any and all additional defenses and counterclaims that discovery may reveal.

**WHEREFORE**, Plaintiffs/Counterclaim-Defendants respectfully request the following relief in connection with these Counterclaims:

(a) An order dismissing each of Defendant/Counterclaim-Plaintiff MPI's counterclaims with prejudice;

(b) An award of reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(c) Costs and expenses in this action; and

(d) Such further relief as the Court may deem just and proper.

Respectfully submitted,

Date: March 8, 2017

*/s/ Jeffrey B. Bove*

Jeffrey B. Bove (#998)
Karen R. Poppel (#5373)
RATNERPRESTIA
1007 Orange Street, Suite 205
Wilmington, Delaware 19801
Tel: (302) 778-2500
jbove@ratnerprestia.com
kpoppel@ratnerprestia.com

*Attorneys for Plaintiffs*
*sanofi-aventis U.S. LLC, Aventisub LLC,*
*Sanofi, and Genzyme Corporation*

*Of counsel:*

Paul H. Berghoff
Alison J. Baldwin
Paula S. Fritsch
Ann C. Palma
Brandon J. Kennedy
MCDONNELL BOEHNEN HULBERT &
BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 913-0001
berghoff@mbhb.com
baldwin@mbhb.com
fritsch@mbhb.com
palma@mbhb.com
kennedy@mbhb.com